**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| DONNA MARIE HASS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-248-P |
| | § | |
| KROGER TEXAS L.P., et al. | § | |
|     Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT KROGER TEXAS, L.P.'s MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant Kroger Texas, L.P. ("Kroger Texas")' Motion for Summary Judgment [doc. 19] and brief in support [doc. 20], filed December 8, 2023. Having carefully considered the motion, response, and reply, the Court **RECOMMENDS** that Kroger Co.'s Motion for Summary Judgment [doc. 19] should be **GRANTED**.

## I.    BACKGROUND

Plaintiff Donna Marie Hass ("Hass") filed this suit against Kroger Texas, The Kroger Company ("Kroger Co."), and Chester Dix Hurst Corporation ("Chester Corp.") alleging the following causes of action: (1) premises liability; (2) *respondeat superior*; (3) negligent hiring, supervision and training; and (4) gross negligence. (*See* ECF 1).[1] Hass' claims are based on her allegation that, while entering a Kroger store in September 2021, "she fell on the ramp in front of the entrance door." (*Id.*)

## II.    LEGAL STANDARD

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R.

---

[1] Because Hass wholly failed to comply with the Court's March 20, 2023 Order requiring her to file an Amended Complaint that comports with the Federal and Local Rules, the Court must look to her original complaint which was filed in state court prior to removal.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 167, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise

2

manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). "The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists." *Id.*

## III.   ANALYSIS

In its Motion for Summary Judgment, Kroger Texas argues that it is entitled to summary judgment because:

> the Ramp was not unreasonably dangerous and was open and obvious, insomuch as it was painted red and yellow, and Plaintiff had seen it many times during previous visits. Furthermore, Plaintiff has no evidence Kroger knew or should have known that the Ramp allegedly posed an unreasonable risk of harm. Plaintiff's negligent-activity claims fail as a matter of law because she asserts she was injured by a condition of the premises and, therefore, is limited solely to a premises-liability cause of action. Finally, Plaintiff's gross-negligence claims fail because she has no evidence of either required element of such a cause of action.

(Kroger Texas' Motion for Summary Judgment ("Mot.") at 1).

In her response, Hass: (1) objects to the summary judgment evidence presented by Kroger Texas; (2) argues that Kroger Texas improperly filed a "no evidence" motion for summary judgment; and (3) argues that there are genuine issues of material fact that require the Court to deny Kroger Texas' Motion for Summary Judgment. (*See* Hass' Response ("Response"); *see also* Hass' Brief in Support of her Response ("Hass' Br.")). Before the Court can properly address the parties' arguments regarding whether there are genuine issues of material fact, the Court must first address the parties' objections.

A. **The Parties' Objections**

1. **Hass' Objections**

In her response, as relevant to this motion, Hass objects to Kroger Texas' use of five of the exhibits in its Appendix in support of its motion. (Response at 1–3). Hass objects to Kroger Texas' use of: (1) her deposition testimony; (2) her responses to Kroger Texas' First set of Interrogatories; (3) her responses to Kroger Texas' Request for Admissions; (4) a photograph of the entrance ramp at issue; and (5) a second photograph of the same ramp. (*Id.*) Additionally, Hass' objects to Kroger Texas' motion as a whole, arguing that it improperly and impermissibly filed a "no evidence" motion for summary judgment. (Hass' Br. at 8–10). The Court will address each in turn.

First, before ruling on Hass' objections to Kroger Texas' summary judgment evidence, the Court will address Hass' claim that Kroger Texas' motion should be denied because it is "prohibited from seeking what in Texas court is referred to as a 'no evidence' [TRCP Rule 166a(i)] motion for summary judgment." (Hass' Br. at 8). Put simply, it is different in kind for a party to file a "no evidence" motion for summary judgment and a party to assert that the opposition can provide no evidence in contradiction *to the evidence it has provided*. With that distinction in mind, the Court, having thoroughly reviewed Kroger Texas' motion, finds that the motion contains both proper summary judgment arguments and prohibited "no evidence" arguments. Specifically, the Court finds that the following Kroger Texas arguments are prohibited "no evidence" arguments:[2] (1) Plaintiff has no evidence of an unreasonably dangerous condition; (2) Plaintiff has no evidence Kroger had actual notice the ramp allegedly posed a dangerous condition; (3) Plaintiff has no evidence Kroger had constructive notice the ramp allegedly posed a dangerous condition; (4)

---

[2] The following list contains the section headings for each of the arguments.

Plaintiff has no evidence that any act or omission by Kroger, when viewed objectively, involved an extreme degree of risk; and (5) Plaintiff has no evidence that Kroger proceeded in conscious indifference to the rights, safety, or welfare of others. (Kroger Texas' Brief in support of its Motion for Summary Judgment ("Kroger's Br.") at 13–25); *see Castenada v. Flores*, No. 5:05-CV-129, 2007 WL 1671742, at *2 (S.D. Tex. June 8, 2007) ("Although a 'no evidence' standard applies in Texas state courts, it has no application in federal courts.") (footnote omitted). All of the above refenced sections simply state that Hass has no evidence to establish a specific element of her claims. (*See* Kroger's Br. at 13-25.) Had Kroger Texas provided an affidavit or other competent summary judgment evidence in support of their assertion, their arguments would have been permissible. *See* Castenada, 2007 WL 1671742, at *2 ("[A]lthough the federal standard does not require Defendants to *produce additional evidence* negating Plaintiff's evidence, they nevertheless bear the initial responsibility of informing the district court of the basis for their motion, and *identifying those portions of the record* which they believe demonstrate the absence of a genuine issue of material fact.") (internal quotations and citations omitted) (emphasis in original). However, that is not the case here and the Court will not consider any of the aforementioned arguments herein.[3] *See Castenada*, 2007 WL 1671742, at *2.

Next, Hass objects to Kroger Texas' use of her deposition testimony, claiming that it is not competent summary judgment evidence because the credibility of the testimony could be called into question. (*Id.* at 1–2). Specifically, Hass contends that Kroger Texas cannot use her deposition testimony because it could contain "contradictions and inconsistencies" that could be

---

[3] In her response, Hass argues that she is entitled to a spoilation inference because Kroger Texas has failed to produce a video tape of the alleged incident. (Response at 7). The Court declines to address that argument herein for two reasons. First, a response to a motion for summary judgment is not the proper vehicle for Hass to seek a spoilation determination. And second, it relates to two arguments that the Court is not addressing as they were improperly brought—that Hass has no evidence that Kroger Texas: (1) actually knew the ramp was in a dangerous condition; and (2) constructively knew the ramp was in a dangerous condition.

"readily controverted" and, thus, "fails to meet the standards required for competent summary judgment evidence." (*Id.* at 2). The Court is unpersuaded by Hass' contention that her own deposition testimony cannot be competent summary judgment evidence. *See Owens v. Neovia Logistics, L.L.C.*, 816 F. App'x 906, 909 (5th Cir. 2020) (noting that a deposition is competent summary judgment evidence); *Hall v. Pitney Bowes, Inc.*, No. 3:02-CV-2756-B, 2004 WL 389093, at *10 (N.D. Tex. Feb. 27, 2004) ("Plaintiff has failed to present any competent summary judgment evidence to contradict his sworn deposition testimony."). Accordingly, the Court **OVERRULES** Hass' objection to Kroger Texas' use of her deposition testimony.

Next, Hass' second and third set of objections relate to Kroger Texas' use of her responses to interrogatories and requests for admissions. (*Id.*) Specifically, Hass contends that because she responded to the interrogatories and requests for admissions subject to certain objections— objections that Kroger Texas has not sought judicial review of—Kroger Texas' use of those responses is improper. (*Id.*) In its reply, Kroger Texas does not respond to this objection. (*See generally* Kroger Texas' Reply ("Reply")). Therefore, because those responses were produced subject to objections, and those objections have not been ruled on, Hass' responses to interrogatories and requests for admissions are not competent summary judgment evidence. Accordingly, the Court **SUSTAINS** Hass' objections to Kroger Texas' use of her responses to interrogatories and requests for admissions that were produced subject to an unresolved objection.

Finally, Hass objects to Kroger Texas' use of two photographs of the cement ramp at issue in this case. (Response at 3). Specifically, Hass contends that Kroger Texas failed to lay a proper foundation for the use of the photographs. (*Id.*) In its motion, Kroger Texas provides that Hass took the pictures, testified at her deposition that she took the pictures, and testified that they accurately depict the condition of ramp at issue in this case on the day of the incident. (Kroger's

Br. at 6–7); *see, e.g.*, Fed. R. Evid. 901. The Court is unpersuaded by Hass' argument that Kroger Texas failed to lay a proper foundation for the photographs. Accordingly, the Court **OVERRULES** Hass' objection to Kroger Texas' use of the photographs that she took and produced.

### 2. Kroger Texas' Objection

In its reply, Kroger Texas objects to Hass' use of twelve photographs in her response. (Reply at 3–4). According to Hass' response these photographs depict: (1) "the condition of the entrance of the Kroger store in 2016 and 2017;" and (2) the ramp at issue after it "was repaired in 2022." (Hass' Br. at 6–7). There is no competent summary judgment evidence that the photographs fairly or accurately depict the ramp at the time that Hass alleges that she fell, September 7, 2021. (Hass' Br. at 7; ECF 1). The Court finds that the first set of photographs—depicting the ramp in 2016 and 2017—have no relevance at all to the condition or appearance of the ramp in September of 2021, when the incident allegedly occurred. Additionally, the Court finds that the second set of photographs—depicting the ramp in 2022 after it was allegedly repaired—similarly have no relevance to the condition or appearance of the ramp in September of 2021, when the incident allegedly occurred.[4] Accordingly, the Court **SUSTAINS** Kroger Texas' objection to the photographs Hass included in her response. Having dealt with the parties' objections, the Court will now turn to Hass' claims.

### B. Hass' *Respondeat Superior* Claim

First, Kroger Texas argues that it should be granted summary judgment on Hass' *respondeat superior* claim because it is not an independent cause of action upon which relief can

---

[4] The Court also notes that this series of photographs is also inadmissible as it is a blatant attempt to introduce evidence of an alleged subsequent remedial measure in violation of Federal Rule of Evidence 407, without establishing any exception to that rule.

be granted. (Kroger's Br. at 25). In her response, Hass wholly failed to respond to Kroger Texas'
argument. (*See generally* Response; Hass' Br.). Having reviewed the complaint, Kroger Texas'
argument, and the applicable case law, the Court finds that *respondeat superior* claim is not an
independent cause of action upon which relief can be granted. *See, e.g., Hansen v. Protective Life
Ins. Co.*, 642 F. Supp. 3d 587, 595 (S.D. Tex. 2022) (citing *Baptist Memorial Hospital System v.
Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)). Accordingly, the Court **RECOMMENDS** that
Kroger Texas' Motion for Summary Judgment should be **GRANTED** with regard to Hass'
*respondeat superior* claim.

### C. Hass' Negligent Hiring, Supervision, and Training Claim

Next, Kroger Texas argues that it should be granted summary judgment on Hass' negligent
hiring, supervision, and training claim because Texas law limits plaintiffs to a premises-liability
cause of action when the plaintiff asserts that she was injured by a condition on the premises rather
than an activity conducted by the defendant. (Kroger's Br. at 21–22). In her response, Hass wholly
failed to respond to Kroger Texas' argument. (*See generally* Response; Hass' Br.). It is well
settled that a plaintiff who brings a claim based on an injury that she allegedly suffered as a result
of a condition on the premises, rather than an activity of the defendant, is limited to a premises-
liability cause of action. *See, e.g, Bradley v. Target Corp.*, No. 3:23-CV-00193-E, 2023 WL
6166475, at *5 (N.D. Tex. Sept. 21, 2023) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264
(Tex. 1992)). Here, Hass alleges that she was injured after she "tripp[ed] on a raised protrusion or
'lip' on the wheelchair ramp." (Response at 6; *see also* ECF 1). Because Hass' claim is predicated
on a condition rather than an activity, she is limited to her premises-liability claim. Accordingly,
the Court **RECOMMENDS** that Kroger Texas' Motion for Summary Judgment should be
**GRANTED** with regard to Hass' negligent hiring, supervision, and training claim.

### D. Hass' Premises-Liability Claim

Next, Kroger Texas argues, *inter alia*, that it is entitled to summary judgment on Hass' premises-liability claim because the ramp was open and obvious. (Kroger's Br. at 14–18). As Kroger Texas points out in its reply, Hass wholly fails to address Kroger Texas' argument that the ramp was open and obvious. (*See generally* Response; Hass' Br.). Under Texas law, landowners owe varying duties of care to visitors on their land. *See*, *e.g.*, *Flores v. Fiesta Mart, LLC*, No. 4:21-cv-00718, 2022 WL 5434337, at *2 (S.D. Tex. June 16, 2022) (discussing a Texas landowner's duty to a invitee); *Ladapo v. Target Stores, Inc.*, No. 3:14-CV-2602-D, 2017 WL 2719320, at *2 n.3 (N.D. Tex. June 23, 2017) (discussing a Texas landowner's duty to an employee as compared to invitee). The level of care owed depends on the legal status of the visitor and the condition of the land. In this case, it is undisputed that Hass was an invitee of Kroger Texas, which means that Kroger Texas had "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Consequently, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee."[5] *Id.* at 204.

The issue in this case is whether the entrance ramp was an open and obvious condition. "Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). "The question is whether the danger is so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof." *Id.* (cleaned up). Because the test is objective, the

---

[5] There are two exceptions to the rule, but neither are argued, nor do they apply in this case. *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 205 (Tex. 2015) (outlining the criminal-activity exception and the necessary-use exception).

9

standard is "what a reasonably prudent person would have known under similar circumstances." *Id.* A court "must consider the 'totality of' the 'particular' circumstances the plaintiff faced." *Id.* at 788–89 (citation omitted). "If the trial court determines that there is no duty, the inquiry regarding negligence ends." *West v. SMG*, 318 S.W.3d 430, 437 (Tex. App. 2010) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)).

Texas courts and federal courts applying Texas law have found the following tripping hazards open and obvious:

- A low-profile, foot-level water fountain in the middle of a restaurant. *Culotta v. DoubleTree Hotels LLC*, No. 01-18-00267-cv, 2019 WL 2588103, at *1, *4 (Tex. App. June 25, 2019);

- Slippery green algae on a wooden ramp. *Jordan v. Tex. Children's Hosp.*, No. 14- 17-00699-cv, 2018 WL 4137209, at *5 (Tex. App. Aug. 30, 2018);

- An unattended forklift-like machine in the aisle of a home-improvement store. *Reeves v. Home Depot, U.S.A., Inc.*, No. 16-CA-00615, 2018 WL 405120, at *1, *4 (W.D. Tex. Jan. 12, 2018);

- A thin, white nylon strap sticking out into a store aisle. *Rincon v. Home Depot U.S.A., Inc.*, No. 3:17-cv-02909, 2019 WL 6118406, at *1, *4 (N.D. Tex. Nov. 15, 2019);

- A small clothing tag on the floor of a store aisle. *Robles v. Ross Stores, Inc.*, No. 3:16-cv-0086, 2017 WL 2306527, at *1, *8 (N.D. Tex. May 26, 2017);

- A raised, off-color patch of concrete in the middle of a parking lot. *Hughes v. Kroger Texas L.P.*, No. 3:15-cv-0806, 2016 WL 3390510, at *2–3 (N.D. Tex. Mar. 4, 2016);

- A wrinkle in a large floor mat at the entrance of a store. *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-cv-1187, 2018 WL 4772408, at *1, *3 (N.D. Tex. Oct. 3, 2018); and

- An unattended flatbed shopping cart in the aisle of a home-improvement store. *Ille v. Lowe's Home Ctrs., LLC*, No. 1:20-cv-143, 2021 WL 6063112, at *1, *6 (N.D. Tex. Dec. 20, 2021).

These open and obvious conditions all share certain features: (1) the conditions were visibly distinguishable from the floor and other surroundings; (2) the conditions were not

concealed or obscured; and (3) a person reasonably attentive to her surroundings would have spotted the conditions. In support of its argument that the ramp was open and obvious, Kroger Texas points to two photographs taken by Hass, as well as Hass' deposition testimony. The two photographs taken by Hass, and relied upon by Kroger Texas, are as follows:





(Kroger Texas' Appendix in Support ("Kroger's Ap.") at 53).

During her deposition, Hass testified that she "did see some paint," that the paint she saw was red, and that the "paint was not very good." (Kroger's Ap. at Exhibit A pgs. 22–25; Hass' Appendix in Support ("Hass' Ap.") at Exhibit D pgs. 22–25). Additionally, Hass testified that she had previously noticed that the paint was "not very good," that she noticed it "[p]robably everytime" she had previously gone to the store, and that she went to the store "regularly." (Kroger's Ap. at Exhibit A pgs. 16, 22–25; Hass' Ap. at Exhibit D pgs. 16, 22–25). Furthermore, Hass testified that the incident occurred in the middle of the day "between, maybe, 2:30 and 3:30 [P.M]." (Kroger's Ap. at Exhibit A pg. 16; Hass' Ap. at Exhibit D pg. 16).

Viewing all of the evidence in the light most favorable to Hass, the Court finds that the entrance ramp was open and obvious, as a matter of law and, therefore, Kroger Texas owed Hass no duty with respect to it. Hass admits that she saw the paint and that the incident occurred during daylight hours. The photographic evidence plainly show that the ramp is painted red, the curb connected to the ramp is painted bright yellow, and that the ramp stands out amongst the surrounding concrete. The Court finds that any person reasonably attentive to her surroundings would have spotted the ramp. Therefore, the Court concludes that because the ramp was open and obvious, Kroger Texas had no duty to warn Hass of the ramp. Accordingly, the Court **RECOMMENDS** that Kroger Texas' Motion for Summary Judgment be **GRANTED** with regard to Hass' premises-liability claim.

### E. Hass' Gross-Negligence Claim

Finally, Hass' only remaining claim against Kroger Texas is for gross negligence. (ECF 1). In Texas, a defendant "cannot be grossly negligent without being negligent." *See Gould v. Wood*, No. 3:18-CV-786-K-BN, 2019 WL 1930053, at *7 (N.D. Tex. Apr. 4, 2019), *report and*

*recommendation adopted*, No. 3:18-CV-786-K-BN, 2019 WL 1924820 (N.D. Tex. Apr. 29, 2019) (citing *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App. – Austin 1990, writ denied); *Driskill v. Ford Motor Co.*, 269 S.W.3d 199, 206 (Tex. App.–Texarkana 2008, no pet.)). Because there is no evidence to sustain Hass' allegations of negligence, there is also insufficient evidence to substantiate her claims of gross negligence as the threshold for gross negligence is significantly higher than that of negligence. *Gould*, 2019 WL 1930053, at \*7. Accordingly, the Court **RECOMMENDS** that Kroger Texas' Motion for Summary Judgment should be **GRANTED** with regard to Hass' gross-negligence claim.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Kroger Texas' Motion for Summary Judgment [doc. 19] should be **GRANTED.**

**NOTICE OF RIGHT TO OBJECT TO PROPOSED
FINDINGS, CONCLUSIONS AND RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d

13

1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until February 20, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 6, 2024.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE