UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DONNA MARIE HASS,**

   Plaintiff,

v.                                       No. 4:23-cv-00248-P

**KROGER TEXAS LP, ET AL.,**

   Defendants.

## ORDER

The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR"), recommending this Court grant Defendant Kroger Texas LP's Motion for Summary Judgement (ECF No. 19). ECF No. 42. After reviewing the FCR *de novo*, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections (ECF No. 45).

## BACKGROUND

Hass's claims arise from an incident that took place on September 7, 2021, at Defendant's Kroger location in Hurst, Texas. Hass alleges that she tripped over the edge of an accessibility ramp entry way while entering the Kroger. She brought claims against the Defendant Kroger Texas, L.P. as the owner of the Kroger store and employers to the staff working at the Kroger store, alleging premise liability, *respondeat superior,* negligent hiring, supervision, and training, and gross negligence.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). A fact is "material" if it would affect a case's outcome. *Id.* at 248. Generally, the "substantive law will identify which facts are material," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* In assessing whether summary judgment is appropriate, the Court views evidence in the light most favorable to the nonmovant. *Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023). The Court may rely on any evidence of record but need only consider those materials cited by the parties. Fed. R. Civ. P. 56(c)(1)–(3); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). But the Court need not mine the record for evidence supporting the nonmovant; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003).

## ANALYSIS

### A. The Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR. The Court now reviews Plaintiffs' objections.

### B. Plaintiff's Objections

Hass lodges five objections to the Magistrate Judge's FCR. They are as follows: (1) Hass objects to the sustaining of Defendant's objections to twelve photos attached in Plaintiff Response; (2) Hass objects to the granting of summary judgment as to her negligent hiring, supervision, and training claim; (3) Hass objects to the granting of summary judgement on her premises-liability claim; and (4) Hass objects that the

finding of no gross negligence. *See* ECF No. 45. The Court addresses each objection in turn.

1. <u>Hass' Objection to Inadmissibility of Photos.</u>

In support of her response to Defendant's Motion for Summary Judgment, Hass included twelve photos that allegedly depicted the condition of the entrance of the Kroger store in 2016 and 2017 as well as the condition of the ramp after it was repaired in 2022. *See* ECF No. 33. The issue with this "evidence" is that it does not support nor have any relevance to the case here. The only issue here is what the ramp looks like when the incident occurred in September 2021. There is no evidence that the photos supposedly from 2016 and 2017 have any relevance to the condition or appearance of the ramp in 2021. Further, as Defendant notes, these photos were not produced during discovery and Hass has not properly authenticated them. *See* ECF No. 46 at 3.

The 2022 photos similarly lack evidence to support any relevance to the condition or appearance of the ramp in 2021. Hass says their use is to show that Kroger "fixed" and made changes to the ramp after her injury, but the photos for that purpose would be inadmissible under Federal Rule of Evidence 407 which prevents evidence of subsequent remedial measures. *See* ECF No. 45 at 5. Rule 407 states that "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction." FED.RULES EVID. Rule 407, 28 U.S.C.A; *see also Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 429–430 (5th Cir. 2006). Hass directly states in her Objection that the photos are showing "subsequent repair being done" as evidence of the condition of the ramp in 2021. ECF No. 45 at 5. This is not allowed under the Federal Rules of Evidence. *See* FED.RULES EVID. Rule 407, 28 U.S.C.A.

Accordingly, the Magistrate did not err in sustaining Defendant's objection to the inclusion of the twelve photos and Hass' objection is **OVERRULED**.

2. Hass' Objection to the granting of summary judgment regarding her negligent hiring, supervision and training claim

Hass objects to the Magistrate Judge granting summary judgment as to her negligent hiring, supervision, and training claim, claiming that evidence in the record makes clear that Kroger Texas maintained the entrance to the store in question and that there are fact issues as to whether the store was being properly inspected and maintained. *See* ECF No. 45 at 6. The issue Hass faces here is that Texas law states that a plaintiff who brings a claim based on an injury that she allegedly suffered as a result of a condition on the premises, rather than an activity of the defendant, is limited to a premises liability cause of action. *See Bradley v. Target Corp.*, No. 3:23-CV-00 193-E, 2023 WL 6166475, at *5 (N.D. Tex. Sept. 21, 2023) (Brown, J.) (Holding being injured by a condition created by an activity rather than the activity itself, limits claims to the premises liability theory of recovery).

Here, Hass alleges she tripped on a "raised protrusion or 'lip' on the wheelchair ramp." ECF No. 32 at 6. Thus, her claim is predicated on a condition of the premises at the Kroger rather than a specific activity. This limits her to a premise liability claim and she cannot pursue a claim or negligent hiring, supervision, and training under Texas law.

Accordingly, the Magistrate did not err in granting summary judgement as to this claim and Hass' objection is **OVERRULED**.

3. Hass' Objection to the granting of summary judgment on her premises-liability claim

Hass takes issue with the Magistrate Judge's finding that the walkway/ramp was open and obvious as a matter of law and thus Kroger Texas owed Plaintiff Hass no duty as an invitee. Under Texas law, landowners owe varying duties of care to visitors on their land. *See Flores v. Fiesta Mart, LLC*, No. 4:21-cv-00718, 2022 WL 5434337, at *2 (S.D. Tex. June 16, 2022) (discussing a Texas landowner's duty to an invitee). The level of care owed depends on the legal status of the visitor and the condition of the land.

Here, it is undisputed that Hass was an invitee of Kroger Texas, meaning Kroger Texas had "a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Consequently, "a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Id.* at 204. Therefore, the key question here is whether the wheelchair ramp was an open and obvious condition.

"Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). "The question is whether the danger is so open and obvious that as a matter of law the plaintiff will be charged with knowledge and appreciation thereof." *Id.* (cleaned up). Since this is an "objective" standard, the Court must look to what a "reasonably prudent person" would have known under similar circumstances considering the totality of the circumstances the plaintiff faced. *Id* at 788–89. One metric this district has looked at is whether there were clear distinctions between the item or place at issue and the surrounding areas, that they were not concealed or obscured, and that would be reasonably spotted by people in the immediate area. *See Rincon v. Home Depot U.S.A., Inc.,* No. 3: 17-cv-02909, 2019 WL 6118406, at *1, *4 (N.D. Tex. Nov. 15, 2019) (Starr, J.); *see also Robles v. Ross Stores, Inc.*, No. 3:16-cv-0086, 2017 WL 2306527, at *1, *8 (N.D. Tex. May 26, 2017) (Boyle, J.); *see also Hughes v. Kroger Texas L.P.*, No. 3:15-cv-0806, 2016 WL 3390510, at *2–3 (N.D. Tex. Mar. 4, 2016) (Lynn, J.); *see also Dunn v. Wal-Mart Stores, Inc.,* No. 3: 17-cv-1187, 2018 WL 4772408, at *1, *3 (N.D. Tex. Oct. 3, 2018) (Kinkeade, J.); *see also Ille v. Lowe's Home Ctrs., LLC,* No. l:20-cv-143, 2021 WL 6063112, at *1, *6 (N.D. Tex. Dec. 20, 2021) (Hendrix, J.).

Here, even evaluating the pictures produced by Hass, it is very clear that there is red paint on the surface and yellow paint on the face of the curb to alert anyone reasonably paying attention. In fact, Hass even testified that she saw paint both during the visit in question and in past visits to the Kroger. *See* ECF No. 33 at 77–79. The Court therefore concludes that the ramp was open and obvious given the significant

5

paint on both the ramp and the curb, combined with the clear distinction to the surrounding areas.

Accordingly, Kroger Texas had no duty to warn Hass of the ramp and the Magistrate Judge did not err in granting summary judgment as to this claim. Hass' Objection is **OVERRULED**.

4. Hass' Objection to the granting of summary judgment on her gross-negligence claim

The final objection Hass makes is to the Magistrate Judge's finding that summary judgment is warranted on her gross-negligence claim because gross-negligence can only occur when a finding of negligence is found. Hass claims that the Magistrate Judge erred in finding no negligence against Kroger Texas and would thus leave her gross-negligence claim intact. ECF No. 45 at 8–9. However, given the Court has found no err and has accepted the findings of the Magistrate Judge, the Court finds there is no evidence of negligence and therefore no evidence to sustain Hass' allegation of gross negligence.

Accordingly, the Court finds no err in the Magistrate Judge's granting of summary judgment to Hass' gross negligence claim and her Objection is **OVERRULED**.

## CONCLUSION

After reviewing the FCR *de novo* **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 42) and **OVERRULES** Plaintiff's Objections (ECF No. 45). All of Plaintiff's claims are thus **DISMISSED with prejudice**. Further, all pending motions are **DENIED as moot.**[1]

**SO ORDERED** on this **13th day of March 2024.**

*Mark T. Pittman*
Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] There is a Chester Dix Hurst Corp. who is listed as a Defendant in this case. However, after a careful review of the docket, including the state court documents, it has been represented to the Court that Chester Dix Hurst Corp. has not been served and has made no appearance in this matter. *See* ECF No. 1 at 2. Accordingly, any and all claims against Chester Dix Hurst Corp., are similarly **DISMISSED**.